## MILLER'S ADM'R *v.* NORFOLK & W. R. Co.

(*Circuit Court, W. D. Virginia.* November, 1889.)

WRITS—SERVICE—CORPORATIONS—JUDICIAL DISTRICT.

Code Va. 1887, § 3225, provides that, in an action against a railroad corporation, process may be served on any agent of the corporation when certain officers cannot be found in the county where the action is brought. In an action begun in the federal court, the sheriff's return showed that the writ was served on defendant's station agent, and did not state that none of the said officers could be found in the judicial district. *Held* insufficient, since in the federal courts the statutory limitation applies to the district, instead of the county.

At Law. On motion to quash the writ because of insufficient service.
*Geo. W. Ward* and *F. S. Blair*, for plaintiff.
*Fulkerson & Page*, for defendant.

PAUL, J. The return on the writ in this case shows it to have been "served on E. P. Brady, depot agent of the defendant, the Norfolk & Western Railroad Company, on the 26th day of July, 1889, in the county of Tazewell, state of Virginia, in which said county and state the said E. P. Brady resides; said service being more than ten days before the return-day of the process." The Code of Virginia (Ed. 1887, § 3225) provides how process against or notice to a corporation shall be served. In case of a railroad company, it provides that service may be "on its president, cashier, treasurer, general superintendent, or any one of its directors." The statute further provides that "if there be not in the county or corporation wherein the case is commenced any other person on whom there can be service as aforesaid," it may be served "on any agent of the corporation against which the case is." Under the provisions of this statute, where suit is brought in a state court against a railroad company, process must be served on the president, cashier, treasurer, general superintendent, or one of its directors. If there be none of these in the county where the suit is brought, process may be served on any agent of such railroad company. This court, in the matter of serving process, applies to the whole district the statutory provisions concerning counties, in the service of process in the state courts. The whole of this judicial district must be regarded, as to territorial limits, as a county is regarded when a suit is brought in a state court against a railroad corporation. In a suit brought in the United States circuit court of this district against a railroad corporation, process can only be served on an agent of such corporation when the president, cashier, treasurer, general superintendent, or any of its directors cannot be found in the district. It appearing to the court that some of these principal officers of the defendant railroad company reside in this district, the service of the writ on an agent of the company is insufficient. The writ must be quashed, the case remanded to rules, and new process issued.